# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00021-CV

### In re Steven Paul Wilson

### ORIGINAL PROCEEDING FROM LEE COUNTY

### M E M O R A N D U M   O P I N I O N

Relator Steven Paul Wilson, an inmate proceeding pro se, has filed a petition for writ of mandamus relating to a lawsuit that he had earlier filed in the 335th District Court of Lee County.[1]  In his petition, Wilson asks this Court to:  (1) compel the district court to vacate its order granting court reporter Wendy L. Kirby's motion to quash a subpoena duces tecum filed by Wilson against Kirby in the underlying suit; (2) compel Kirby to comply with the discovery request; (3) compel Lee County Attorney Martin Placke to comply with a similar discovery request; and (4) compel Lee County Sheriff Rodney Meyers to accept service of a discovery request.

As an initial matter, this Court's mandamus jurisdiction is expressly limited to: (1) writs against a district court judge or county court judge in this Court's district, and (2) all writs necessary to enforce our jurisdiction.[2]  Wilson has failed to show that the issuance of a writ against Kirby, Placke, or Meyers is necessary to enforce this court's jurisdiction.  Accordingly, we do not have mandamus jurisdiction over those individuals.

---

[1] In the underlying suit, the district court entered a no-evidence summary judgment against Wilson, which he has appealed.  That appeal, which has been separately docketed under appellate cause number 03-14-00553-CV, remains pending at this time.

[2] *See* Tex. Gov't Code § 22.221.

We have jurisdiction to issue a writ of mandamus against the district court.[3] However, such a writ will issue only to correct a trial court's "clear abuse of discretion" or violation of duty imposed by law where no "adequate" remedy by appeal exists.[4] A clear abuse of discretion occurs when the trial court's decision is so arbitrary and capricious that it amounts to clear error.[5] Here, the discovery that Wilson sought in his subpoena was an audio recording of an evidentiary hearing held in an earlier habeas-corpus proceeding related to Wilson's underlying convictions. At the hearing on Kirby's motion to quash, Kirby informed the district court that she had already produced and filed a written transcript of that hearing, and the district court found that transcript to be "sufficient" for purposes of the lawsuit that Wilson had filed. On this record, we cannot conclude that the district court clearly abused its discretion in granting Kirby's motion to quash Wilson's discovery request.[6]

The petition for writ of mandamus is denied.

_____

Bob Pemberton, Justice

Before Chief Justice Rose, Justices Pemberton and Field

Filed: August 26, 2015

_____

[3] *See id.*

[4] *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992).

[5] *See id.*

[6] *See* Tex. R. Civ. P. 192.6(b); *see also In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 181 (Tex. 1999) (explaining that trial court has "broad discretion" to "define the scope of discovery").